ALMOND

*v.*

ROTHGEB.

*(Supreme Court of Appeals of Virginia, Oct. 3, 1878.)*

Judicial Sales—Sale of Decedent's Lands—Parties.*

A decree directing the sale of a decedent's real estate for the payment of debts without making all of his devisees and heirs parties to the suit is premature and erroneous.

Same—Same—Objection for Want of Necessary Parties—When Taken.

The objection for the want of necessary parties may be made by answer, plea or demurrer to the bill, or at the hearing, or it may be made in the appellate court for the first time, and the appellate court may *sua sponte* notice the defect.

Appellate Practice—Correction of Errors after Appeal Allowed.

Errors for the want of necessary parties cannot be corrected in the lower court by an amended and supplemental bill and bill in the nature of a bill of review, after an appeal is allowed and while it is pending in the appellate court.

Opinion states the facts.

Appeal from circuit court of Page county.

Suit to subject land of a decedent to payment of debts.

BURKS, J., delivered the opinion of the court.

The court is of opinion that the decree aforesaid of the circuit court of Page county, entered on the 10th day of

---

*See monographic note on ''Judicial Sales'' appended to Walker *v.* Page, 21 Gratt. 636 (Va. Rep. Anno.).

September, 1875, was premature. The necessary parties were not before the court when the cause was heard and said decree was rendered.

One object of the bill and the primary one was to subject to the payment of the complainant's debt the real estate of Edward Almond, deceased, in the hands of his devisees, his personal estate, as alleged in the bill, having been exhausted in the payment of other debts. There were five devisees, as shown by the bill, one of whom, B. F. Almond, has died, having first made and published his last will and testament. No copy of this will was filed with the bill, nor is it stated therein who are his devisees, but it is alleged that no part of the lands devised by said Edward Almond "have been sold, but the same have been divided among said legatees (devisees) by commissioners." It is apparent that these devisees, whoever they may be, of the said B. F. Almond, deceased, are interested in the subject matter of this suit, and as in the event of the recovery by the complainant, the lands which come to them from the said Edward Almond through the devise by the said B. F. Almond would be liable for a proportionate part of said recovery, they should all have been made parties to the suit before any decree was made involving the merits of the controversy.

The objection for the want of necessary parties may be made by answer, plea or demurrer to the bill, or at the hearing without its being made in either of these modes, or it may be made here for the first time, and this court *sua sponte* will notice the defect. Snavely v. Pickle and others, 29 Gratt. 27, 42, and cases there cited.

This defect in the bill for the want of parties and admitted errors in the decree, have been attempted, as appears from the appellee's brief, to be remedied by an amended and supplemental bill and bill in the nature of a bill of review filed in the said circuit court since the appeal from said decree was

allowed by this court. But these errors cannot be corrected in this mode after the appeal was allowed and while it is pending in this court. It was error in the circuit court to make any decree settling the principles of the cause until all necessary parties were before the court. The amended and supplemental bill, a certified copy of which is filed with the appellee's brief, shows that all the devisees of B. F. Almond, deceased, were not parties to the suit when the decree was entered, and one object of this new bill is to make them parties. It seems from a copy of B. F. Almond's will, filed as an exhibit with the new bill, that Henry Miller's wife and children are among the devisees under said will, and they were not parties to the suit when the decree was rendered.

The court doth therefore decide that it was error in the said circuit court to render the decree aforesaid, or to make any decree settling the principles of this cause in the absence of any of the devisees of the said B. F. Almond, deceased ; and, without deciding any other question in this cause, it is decreed and ordered that the said decree of the circuit court of Page county be reversed and annulled, and that the appellees David Rothgeb and B. F. Grayson, the latter out of any monies in his hands as receiver under any decree in the chancery suit of "Overall and others v. J. B. Young" referred to in the proceedings in this cause, pay to the appellants their costs by them expended in the prosecution of their appeal aforesaid here. And this cause is referred to the said circuit court with direction that the complainant be allowed to file an amended and supplemental bill in the cause making additional parties with such allegations as may be necessary or proper, and for further proceedings in order to a final decree, in conformity with the opinion and principles herein expressed and disclosed—all of which is ordered to be certified to the said circuit court of Page county.